Curia per
Nott, J.
We concur with the Circuit Judge. The object of the first act was to give our own Citizens a preference over foreigners, so far as regards the administration of the effects of a. deceased alien which are at the time of his death within this State. All the debts due *29 by aliens to the citizens of this state, whether by simple contract or otherwise, are put upon a footing with bonds or other specialties. The act of 1789 merely declares the order in which debts shall be paid, giving bonds and other specialties, a preference in that respect over simple contract debts. The two acts therefore, may very well stand together, the first placing simple contracts on a footing with bonds and other specialties, in the particular case provided for, and the other directing that in all other cases specialties shall be preferred. A question with regard to the construction of the act of 1788 has been raised, which seems to be thought somewhat more difiicult, though to my mind so plain that it seems rather to be obscured by an attempt at illustration. It is contended that the act requires the debts of our own citizens to be paid first, to the total exclusion of foreigners, but I can find nothing in it from whence such an inference can be drawn. The preamble does to be sure say, “ Whereas it is just and reasonable that the assets in this State, should be answerable for the debts due to the citizens of the State, of whatsoever nature or kind the same be,” yet the enacting clause goes on to shew in what manner they shall be paid, that is, “ in the same manner as if the same had been liquidated by bond or other specialty.” If it had been the intention of the act to subject the assets in this State exclusively to the payment of debts due to the citizens of this state, the intention might have been expressed in much fewer words than have been employed. — . There would have been no necessity for converting their simple contracts into specialties for that purpose. I take it therefore, that the preference to which they are entitled is precisely that which the act allows ; the preference which is to be derived from having their simple contracts placed upon a footing with bond or other specialties, and nothing more.

Motion refused.